Filed 1/21/26  In re J.L. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| In re J.L., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B348068 (Super. Ct. No. 1461079-G) (Santa Barbara County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.L.,<br><br>    Defendant and Appellant. |  |

J.L. appeals from the juvenile court's order transferring him to criminal court.  (See Welf. & Inst. Code,[1] § 707.01, subds. (a)(5) & (b).)  He contends the transfer without a new hearing under amended section 707 violated his due process and equal

---

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

protection rights and the juvenile court misconstrued section 707.01. We affirm.

FACTS AND PROCEDURAL HISTORY

*October 2018 transfer hearing and order*

In September 2018, the prosecution filed a juvenile wardship petition alleging that in September 2017, J.L committed several crimes, including attempted murder (Pen. Code, §§ 187, subd. (a), 664) and robbery (Pen. Code, § 211). In October 2018, the prosecution moved to transfer J.L. to an adult criminal court pursuant to section 707. Following a transfer hearing, the juvenile court granted the motion to transfer J.L. The court considered the criteria under former section 707, subdivision (a)(2) and found the prosecution proved "by a preponderance of the evidence [J.L.] should be transferred to the jurisdiction of the criminal court."

Following the transfer to criminal court, a jury convicted J.L. of attempted murder, robbery, assault with a semiautomatic weapon, and assault with a deadly weapon. He was sentenced to an indeterminate term of 40 years to life plus a determinate term of four years in state prison. Another panel of this court affirmed the conviction on appeal.

*March 2025 petition and transfer order*

In March 2025, the prosecution filed a juvenile wardship petition alleging that in a separate incident in September 2017, J.L. committed murder (Pen. Code, § 187, subd. (a); count 1) and criminal street gang conspiracy (Pen. Code, § 182.5; count 2). As to count 1, it was alleged that J.L. personally used a firearm (Pen. Code, § 12022.5, subd. (a)) and committed the offense for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)(C), (b)(5)). As to both counts, it was alleged that J.L.

personally and intentionally discharged a firearm causing death (Pen. Code, § 12022.53, subd. (d)). J.L. was 16 years old at the time of these alleged offenses. He was 24 years old at the time the juvenile petition was filed.

The prosecution subsequently moved to transfer J.L. to adult criminal court. The juvenile court requested briefing on whether J.L. was entitled to a transfer hearing. After briefing and a hearing, the juvenile court found J.L. was not entitled to a transfer hearing and ordered him transferred to adult criminal court pursuant to section 707.01, subdivisions (a)(5) and (b).

DISCUSSION

J.L. contends the July 2025 transfer order must be reversed because he was entitled to a transfer hearing under the amended version of section 707. We disagree.

*Relevant legal background*

At the time of J.L.'s transfer hearing in October 2018, the governing law required the prosecution to establish by a preponderance of the evidence that "the minor should be transferred to a court of criminal jurisdiction." (Former § 707, subd. (a)(3); see, e.g., *D.W. v. Superior Court* (2019) 43 Cal.App.5th 109, 116.) Effective January 1, 2023, the Legislature amended section 707 to add the following language: "In order to find that the minor should be transferred to a court of criminal jurisdiction, the court shall find by clear and convincing evidence that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court." (§ 707, subd. (a)(3), as amended by Stats. 2022, ch. 330, § 1.) "This changed the finding a juvenile court must make before ordering a transfer in two ways: (1) raising the standard of proof; and (2) requiring a new

3

specific finding regarding amenability to rehabilitation." (*In re S.S.* (2023) 89 Cal.App.5th 1277, 1284.)

*Statutory interpretation*

J.L. contends the juvenile court misconstrued the legislative intent of section 707.01 because the court's literal interpretation of the statute is inconsistent with the legislative purpose of amending section 707. We conclude otherwise.

Section 707.01, subdivision (a)(5) provides that if "subsequent to a finding that a minor is an unfit subject to be dealt with under the juvenile court law, the minor is convicted of the violations which were the subject of the proceeding that resulted in a finding of unfitness, a new petition or petitions alleging the violation of any law or ordinance defining crime which would otherwise cause the minor to be a person described in Section 602 committed by the minor prior to or after the finding of unfitness need not be filed in the juvenile court if one of the following applies: [¶] (A) The minor was 16 years of age or older at the time he or she is alleged to have violated a criminal statute or ordinance. [¶] (B) The minor is alleged to have violated a criminal statute for which he or she may be presumed or may be found to be not a fit and proper subject to be dealt with under the juvenile court law." If a violation referred to in subdivision (a)(5) has "already been filed in the juvenile court, it shall be transferred to the court of criminal jurisdiction without any further proceedings." (§ 707.01, subd. (b).)

The interpretation of a statute is a question of law we review de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) " ' "When we interpret a statute, '[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a

4

plain and commonsense meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.  If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.]  'Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose.' " ' [Citation.]" (*People v. Reynoza* (2024) 15 Cal.5th 982, 989–990.)

Here, the plain language of section 707.01, subdivisions (a)(5) and (b) is clear and unambiguous.  The statute provides that when (1) the minor has been convicted of crimes which were the subject of proceedings resulting in a finding of unfitness, (2) a new petition was filed in the juvenile court, and (3) the minor was 16 years old or older at the time of the alleged offense or the alleged offense is one for which the minor may be found unfit for treatment under the juvenile court's jurisdiction, the new petition "shall be transferred to the court of criminal jurisdiction without any further proceedings." (§ 707.01, subds. (a)(5) & (b).)  Although he only needed to satisfy one, J.L. satisfied both subparts under section 707.01, subdivision (a)(5).  He was 16 years old at the time he allegedly committed murder, and murder is an offense listed under section 707, subdivision (b) for which a minor may be found unfit for treatment under the juvenile court's jurisdiction.  Thus, the plain language of the statute required the current petition to be transferred "without any further proceedings." (§ 707.01, subd. (b).)

Section 707.01 was not amended in 2022 when section 707 was amended. We presume the Legislature is aware of existing law when it amends a statute and intends to maintain a consistent body of rules. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 199; *Reidy v. City and County of San Francisco* (2004) 123 Cal.App.4th 580, 592.) "[W]hen the Legislature does not change a statute in a particular respect but does change it in other respects, we infer an intent to leave the statute as it stands in the aspects of the statute that were not amended." (*Reidy*, at p. 592.) Similarly, we presume that if the Legislature wanted to amend or repeal section 707.01, the Legislature would have done so. We infer that the Legislature intended to leave section 707.01 as it stands.

Nor does a literal interpretation of section 707.01 result in absurd consequences. Section 707.01 only applies in limited instances where a minor, such as J.L., has previously been determined unfit for treatment under the juvenile court's jurisdiction and is subsequently convicted in criminal court. The juvenile court system and adult criminal courts serve different goals. (*In re Carlos E.* (2005) 127 Cal.App.4th 1529, 1542.) In criminal courts, the punishment is imprisonment and one of the primary purposes of imprisonment is punishment for the crime. (*Ibid.*; Pen. Code, § 1170, subd. (a)(1).) In contrast, the juvenile justice system seeks to not only protect the public but also focuses on the rehabilitation of the youthful offender. (*In re Carlos E.*, at p. 1542.) In our view, it would be absurd for the 2025 petition to remain under the juvenile court's jurisdiction when J.L.'s case from his 2018 petition was transferred to adult court, became final before the amended version of section 707 became effective in 2023 (See *People v. Vieira* (2005) 35 Cal.4th 264, 306

6

[judgment becomes final when time to file petition for writ of certiorari has elapsed]), and J.L. is serving a lengthy state prison sentence.

Section 707.01 is also consistent with amended section 707. The "objectives of the juvenile justice system 'are to provide measures of guidance and rehabilitation for the child . . . not to fix criminal responsibility, guilt and punishment.' [Citation.]" (*Tiffany A. v. Superior Court* (2007) 150 Cal.App.4th 1344, 1361.) In amending section 707, the Legislature emphasized that amenability to rehabilitation in the juvenile court system was the goal and focus of a transfer hearing. (*In re S.S.*, *supra*, 89 Cal.App.5th at pp. 1286, 1288.) Given the fundamental differences between criminal court and juvenile court, the Legislature could reasonably have determined that a subsequent transfer hearing is unnecessary for an individual who has already been determined to be unfit for juvenile court and been convicted in adult criminal court. For such an individual, the focus is no longer on rehabilitation.

*Due process and equal protection*

J.L. contends the juvenile court's transfer under section 707.01, subdivisions (a)(5) and (b) without a transfer hearing under the "clear and convincing" standard of proof under amended section 707 violated his due process rights. (U.S. Const., 5th & 14th Amends.; Cal. Const., art. 1, § 7, subd. (a).) We review this question de novo (*People v. Alexander* (2023) 91 Cal.App.5th 469, 474) and conclude there is no due process violation.

There is "no express constitutional guarantee giving a minor the right to trial in juvenile court." (*Hicks v. Superior Court* (1995) 36 Cal.App.4th 1649, 1658.) As our Supreme Court

7

previously declared, a minor does not possess a constitutionally protected liberty interest in remaining in the juvenile court system.  (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 564 (*Manduley*).)  Instead, the Legislature may confer upon a minor the statutory right to a transfer hearing and a judicial determination of fitness.  (*People v. Johnson* (2020) 45 Cal.App.5th 123, 132 [right to a juvenile fitness hearing is statutory and not constitutional].)  In the same vein, the Legislature "also can eliminate a minor's statutory right to a judicial fitness hearing." (*Manduley*, at p. 567.)

Here, J.L. was transferred under subdivisions (a)(5) and (b) of section 707.01, which do not confer a statutory right to a transfer hearing.  And because J.L. was convicted of crimes after a finding that he was not fit for juvenile court jurisdiction and the new petition alleged he was 16 years old at the time of the alleged murder, the new petition was required to be adjudicated in adult criminal court without a transfer hearing.  (§ 707.01, subd. (b).)  We conclude that denial of a transfer hearing under these subdivisions does not violate a minor's constitutional right to a hearing.

J.L.'s reliance on *Kent v. United States* (1966) 383 U.S. 541 is misplaced.  *Kent* held that where a statute confers a right to a judicial determination of fitness, due process requires that the determination comply with basic procedural protections afforded to similar judicial determinations.  (*Id*. at p. 562; *Manduley, supra*, 27 Cal.4th at p. 566.)  *Kent* is inapplicable here because section 707.01 requires transfer of a juvenile petition without a judicial determination of fitness or any further proceedings in the juvenile court.  Because subdivisions (a)(5) and (b) of section 707.01 do not involve any judicial decisions that require a

hearing, the due process protections for a fair hearing are not implicated. (See *Manduley*, at p. 566.)

J.L. asserts that the transfer order under section 707.01, subdivisions (a)(5) and (b) allowed the prosecution to "circumvent[] a heightened standard of proof" under amended section 707. We are unpersuaded. In October 2018, a juvenile court transferred J.L. after a hearing under the version of section 707 that was in effect at the time. He was then convicted in criminal court and that case is final. Nothing in section 707, section 707.01, or any other statute entitles him to a new transfer hearing under the amended version of section 707. As we stated, the language in section 707.01, subdivisions (a)(5) and (b) is unambiguous; the Legislature determined that a new transfer hearing is unnecessary under these circumstances.

J.L. also contends the juvenile court's transfer of J.L. under section 707.01, subdivisions (a)(5) and (b) violated his equal protection right because he was treated differently from other juveniles. (U.S. Const., 14th Amend.; Cal. Const., art. 1, § 7, subd. (a).) We conclude otherwise.

"The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally." (*People v. Brown* (2012) 54 Cal.4th 314, 328.) To succeed on his equal protection claim, J.L. must first show that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*In re Eric J.* (1979) 25 Cal.3d 522, 530.) J.L. identifies the first group as those, including himself, who were convicted in criminal court following a transfer hearing under a preponderance of the evidence standard under former section 707. He identifies the second group as those who were convicted

9

in criminal court following a transfer hearing under a clear and convincing standard under the current version of section 707. But J.L. does not show how these two groups are treated unequally. Regardless of what standard of proof applied at the transfer hearing, section 707.01, subdivisions (a)(5) and (b) equally denies a transfer hearing to any individual who falls under the statute's purview. Without a showing of how these two groups are treated unequally, the equal protection claim fails.

DISPOSITION

The July 2025 transfer order pursuant to section 707.01, subdivisions (a)(5) and (b) is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

Gustavo E. Lavayen, Judge

Superior Court County of Santa Barbara

_____

Sanger, Hanley, Sanger & Avila and Sarah S. Sanger for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.